UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

ADAM D. WHITTEMORE,

    Plaintiff,

v.                                              Civil Action No.:

MCCARTHY TIRE SERVICE
COMPANY, INC.

    Defendant.

_____/

## COMPLAINT

Plaintiff Adam D. Whittemore, by and through his undersigned attorneys, complains of Defendant and alleges as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Adam D. Whittemore ("Plaintiff") was injured in the crash that is subject of this action (the "Crash"). At all relevant times, Plaintiff is a citizen of the State of South Carolina.

2. Defendant McCarthy Tire Service Company, Inc. ("McCarthy Tire"), is a Pennsylvania corporation with its headquarters and principal place of business in Wilkes-Barre, Pennsylvania. At all relevant times, Defendant is a citizen of the State of Pennsylvania.

3. The Spartanburg Division is proper because the motor vehicle collision, which is the incident giving rise to this cause of action, took place in Spartanburg, South Carolina, as further shown below.

4. This Court has personal jurisdiction over Defendant McCarthy Tire because Defendant McCarthy Tire was, at the time this cause of action arose, doing business in South Carolina through its agent Terry R. Talley, and this cause of action relates to and arises out of Defendant McCarthy Tire's contacts with South Carolina, as further shown below.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1332 because (1) Plaintiff is a citizen and resident of South Carolina while Defendant is a citizen and resident of Pennsylvania such that there is complete diversity between the parties, and (2) the amount in controversy exceeds $75,000.00 due to Plaintiff's serious injuries.

## FACTUAL ALLEGATIONS

6. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

7. On or about September 23, 2023, Defendant McCarthy Tire's agent Terry R. Talley was operating a commercial motor vehicle (VIN 1JJV532W6YL629631) north on SC-101 attempting to make a left turn onto SC-80.

8. At the time of the crash, Defendant McCarthy Tire's agent Terry R. Talley was an employee of McCarthy Tire acting in the course and scope of his employment with McCarthy Tire.

9. At that time and place, Plaintiff was driving his vehicle southbound on SC-101.

10. At that time and place, Defendant McCarthy Tire's agent Terry R. Talley suddenly and unexpectedly turned left in front of Plaintiff's vehicle, thereby violating Plaintiff's right of way.

11. Plaintiff was driving his vehicle in a safe and legal manner.

12. Due to the Crash which Defendant McCarthy Tire and its agent caused, Plaintiff suffered severe bodily injury and property damage.

## COUNT I
(Negligence *per se*)

13. Plaintiff adopts, realleges and incorporates the allegations contained in the preceding paragraphs.

14. Defendant McCarthy Tire and its agents owed Plaintiff statutory duties to operate their vehicle reasonably and safely to not cause injury to Plaintiff.

15. Defendant McCarthy Tire and its agents failed to exercise due care to avoid a

collision with Plaintiff's vehicle.

16. Defendant McCarthy Tire and its agents breached their duty to Plaintiff by failing to exercise due care to avoid a collision with Plaintiff's vehicle.

17. Defendant McCarthy Tire's violation of its statutory duties constitutes negligence *per se*.

18. Defendant McCarthy Tire's breach of its statutory duties, as described above, is not only negligence *per se*, but is also evidence of recklessness, willfulness, and wantonness sufficient to entitle Plaintiff to both compensatory and punitive damages.

19. Defendant McCarthy Tire's violations of its statutory duties caused Plaintiff's damages, including but not limited to the following:

   a. Significant past and future medical expenses;
   b. Lost income and reduced earning capacity;
   c. Emotional distress and anxiety;
   d. Mental anguish;
   e. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being; and
   f. Other damages as will be shown in the discovery and trial of this case.

20. Because Plaintiff was injured as a direct result of Defendant McCarthy Tire's violations of its statutory duties described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

21. Defendant McCarthy Tire's statutory violations demonstrate such wanton disregard for the health, rights, and safety of Plaintiff, and should thus pay punitive damages in the amount the jury determines appropriate to punish Defendant McCarthy Tire for its reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant McCarthy Tire violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT II
(Negligence)

22. Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

23. Defendant McCarthy Tire and its agents owed Plaintiff a common-law duty to do the following:

    a. Maintain its vehicle in a roadworthy manner;
    b. Operate the vehicle in a safe manner;
    c. Ensure the proper securement of the cargo under transport; and
    d. To use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing.

24. Defendant McCarthy Tire and its agents breached their duty to Plaintiff in the following ways:

    a. Failing to maintain its vehicle in a roadworthy manner;
    b. Operating the vehicle in an unsafe manner;
    c. Failing to ensure the proper securement of the cargo under transport; and
    d. In failing to use the degree of care and caution that a reasonable and prudent person would have used under the circumstances then and there prevailing, all of which was the direct and proximate cause of the damages and injuries suffered by the Plaintiff herein, said acts being in violation of the statutory and common laws of the State of South Carolina.

25. Defendant McCarthy Tire and its agents' breach described above was not only negligent, but also grossly negligent, careless, reckless, willful, and wanton.

26. Defendant McCarthy Tire's negligence, gross negligence, carelessness, recklessness, willfulness, and wanton breach of duty directly and proximately caused Plaintiff serious injuries, as well as Plaintiff's outstanding medical bills. As a direct result of Defendant McCarthy Tire's negligence, gross negligence, carelessness, recklessness, willfulness, and wantonness, Plaintiff has suffered or will suffer the following damages:

    a. Significant past and future medical expenses,
    b. Lost income and reduced earning capacity,
    c. Personal property damage,

   d. Emotional distress and anxiety,
   e. Mental anguish,
   f. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental well-being, and
   g. Other damages as will be shown in the discovery and trial of this case.

27. Because Plaintiff was injured as a direct result of Defendant McCarthy Tire's acts and omissions described above, Plaintiff is entitled to actual and compensatory damages for his personal injuries and property damage in the amount the jury determines at the trial of this case.

28. Defendant McCarthy Tire's acts and omissions demonstrate such want of care as to show Defendant McCarthy Tire was consciously indifferent both to the consequences of its acts and omissions and to the health, safety, and rights of Plaintiff and others. Thus, in addition to Plaintiff's compensatory damages, Defendant McCarthy Tire should also pay punitive damages in the amount the jury determines appropriate to punish Defendant McCarthy Tire for its reckless conduct, to discourage such reckless conduct in others, and to vindicate Plaintiff's private rights which Defendant McCarthy Tire violated. Plaintiff also requests whatever costs, attorney fees, and interest to which this Court determines he is entitled.

## COUNT III
(Vicarious Liability)

29. Plaintiff adopts, incorporates, and realleges the allegations of the preceding paragraphs.

30. At the time of the crash that is the subject of this lawsuit, Terry R. Talley and McCarthy Tire's other agents acted in the course and scope of their employment on behalf of Defendant McCarthy Tire.

31. Defendant McCarthy Tire, thus acting through its agent, servant, and employee Terry R. Talley and its other agents, is vicariously liable for their negligent, careless, reckless, wanton, willful, and grossly negligent acts as outlined in the first and second causes of action.

32. Plaintiff asks this Court to enter judgment ordering Defendant McCarthy Tire to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

## COUNT IV
(Negligent Hiring, Training, Supervision, and Retention)

33. Plaintiff adopts, incorporates and realleges the allegations contained in the preceding paragraphs.

34. Defendant McCarthy Tire was negligent, careless, reckless, wanton, willful, and grossly negligent in hiring, training, supervising, or retaining its agents to operate a vehicle on Defendant McCarthy Tire's behalf in one or more of the following ways:

   a. Failing to have policies and procedures to train or monitor its employees, or if such policies and procedures were in place, failing to enforce them;
   b. Failing to ensure its employees had proper training and experience to operate a vehicle for Defendant McCarthy Tire safely and effectively; and

35. Defendant McCarthy Tire knew or should have known that hiring, training, supervising, or retaining its agents posed a risk of foreseeable harm to third parties.

36. Plaintiff asks this Court to enter judgment ordering Defendant McCarthy Tire to pay actual, consequential, and punitive damages to Plaintiff, together with pre- and post-judgment interest and any other relief this Court deems just.

**WHEREFORE**, Plaintiff asks this Court to award him actual, compensatory, and punitive damages in an amount the jury determines appropriate at trial, as well as such costs, attorney fees, and pre- and post-judgment interest as this Court determines he is entitled to, and such other relief as this Court determines is just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

*/s/ James G. Biggart II*
JAMES G. BIGGART II, ESQ.
SC Bar No.: 106477
M. COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

January 19, 2026
Charleston, South Carolina