**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| Adam David Whittemore, | C/A NO.: 7:26-cv-00175-JDA |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWER**<br>**(Jury Trial Demanded)** |
| McCarthy Tire Service Company, Inc., | |
| Defendant. | |

To:     James G. Biggart, II, Esq., and M. Cooper Klaasmeyer, Esq., Attorneys for Adam Whittemore

The Defendant, McCarthy Tire Service Company, Inc., answering the Complaint of the Plaintiff, above named, and responding to the allegations as follows:

1.     Each and every allegation of the Complaint which is not specifically admitted, qualified or explained is denied and strict proof is demanded thereof.

2.     That upon information and belief, the Defendant admits so much of the allegations of paragraph 1 of the Complaint as alleges that Plaintiff is a citizen of the State of South Carolina. That the Defendant lacks sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiff, if any, and, therefore must deny the remaining allegations of paragraph 1 of the Complaint and demand strict proof thereof.

3.     The Defendant admits the allegations contained in paragraph 2 of the Complaint.

4.     That the allegations of paragraph 3 are conclusions of law, and the Defendant is not required to answer the same. To the extent that a response is

required, the Defendant admits so much of the allegations of paragraph 3 of the Complaint that allege the motor vehicle collision giving rise to this civil action occurred in Spartanburg County, South Carolina. The Defendant denies the remaining allegations of paragraph 3 of the Complaint and demands strict proof thereof.

5.     That the allegations of paragraph 4 are conclusions of law, and the Defendant is not required to answer the same. To the extent that a response is required, the Defendant denies the allegations of paragraph 4 of the Complaint and demands strict proof thereof. McCarthy Tire Service Company, Inc. does not employ Terry R. Taley. Terry R. Talley's employer is McCarthy Tire Service Company of GA & SC, Inc.

6.     That the allegations of paragraph 5 are conclusions of law, and the Defendant is not required to answer the same. To the extent that a response is required, the Defendant admits so much of the allegations of paragraph 5 of the Complaint that alleges Plaintiff is, upon information and belief, a citizen and resident of South Carolina and that the named Defendant is a business based in Pennsylvania. That the Defendant lacks sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiff, if any, and, therefore must deny the remaining allegations of paragraph 5 of the Complaint and demand strict proof thereof.

7.     In responding to paragraph 6 of the Complaint, the Defendant reincorporates its responses contained in paragraphs 1 through 6 above as if fully restated herein verbatim.

2

8.      The Defendant admits so much of the allegations of paragraph 7 of the Complaint that allege the general time and location of the motor vehicle accident giving rise to this civil action and that Terry R. Talley was attempting to make a left turn when the subject collision occurred. The Defendant denies the remaining allegations contained in paragraph 7 of the Complaint and demands strict proof thereof. Terry R. Talley was acting as an agent of McCarthy Tire Service Company of GA & SC, Inc. The motor vehicle and VIN listed on the accident report is for the wrong vehicle. That upon information and belief, the trooper who prepared the accident report had the wrong registration and put incorrect information on the accident report. The actual vehicle Terry R. Talley was operating was a 2019 Ford F-450/F-550 (VIN 1FDUF4GY1KEC17836) leased by McCarthy Tire Service Company of GA & SC, Inc. and registered to ARI.

9.      The Defendant denies the allegations contained in paragraph 8 of the Complaint and demands strict proof thereof. At the time of the subject collision, Terry R. Talley was an employee of McCarthy Tire Service Company of GA & SC, Inc., and he was acting within the course and scope of his employment with McCarthy Tire Service Company of GA & SC, Inc.

10.      The Defendant admits the allegations contained in paragraph 9 of the Complaint.

11.      The Defendant admits so much of the allegations of paragraph 10 of the Complaint as alleges that Terry R. Talley was turning left at the time of the subject collision. The Defendant denies the remaining allegations contained in paragraph 10 of the Complaint and demands strict proof thereof.

3

12.     The Defendant denies the allegations contained in paragraph 11 of the Complaint and demands strict proof thereof.

13.     The Defendant denies so much of the allegations of paragraph 12 of the Complaint as alleges that Defendant and its agent caused the subject collision and demands strict proof thereof. That the Defendant lacks sufficient information so as to form a belief as to the nature and extent of any injuries and damages incurred by the Plaintiff, if any, and, therefore  must deny the remaining allegations of paragraph 12 of the Complaint and demand strict proof thereof.

14.     In responding to paragraph 13 of the Complaint, the Defendant reincorporates its responses contained in paragraphs 1 through 13 above as if fully restated herein verbatim.

15.     That the allegations of paragraph 14 are conclusions of law, and the Defendant is not required to answer the same. To the extent that a response is required, the Defendant denies the allegations of paragraph 14 of the Complaint and demands strict proof thereof.

16.     The Defendant denies the allegations contained in paragraph 15 of the Complaint and demands strict proof thereof.

17.     The Defendant denies the allegations contained in paragraph 16 of the Complaint and demands strict proof thereof.

18.     The Defendant denies the allegations contained in paragraph 17 of the Complaint and demands strict proof thereof.

19.     The Defendant denies the allegations contained in paragraph 18 of the Complaint and demands strict proof thereof.

20.    The Defendant denies the allegations contained in paragraph 19 of the Complaint and demands strict proof thereof.

21.    The Defendant denies the allegations contained in paragraph 20 of the Complaint and demands strict proof thereof.

22.    The Defendant denies the allegations contained in paragraph 21 of the Complaint and demands strict proof thereof.

23.    In responding to paragraph 22 of the Complaint, the Defendant reincorporates its responses contained in paragraphs 1 through 22 above as if fully restated herein verbatim.

24.    That the allegations of paragraph 23 are conclusions of law, and the Defendant is not required to answer the same. To the extent that a response is needed, the Defendant denies the allegations of paragraph 23 of the Complaint and demands strict proof thereof.

25.    The Defendant denies the allegations contained in paragraph 24 of the Complaint and demands strict proof thereof.

26.    The Defendant denies the allegations contained in paragraph 25 of the Complaint and demands strict proof thereof.

27.    The Defendant denies the allegations contained in paragraph 26 of the Complaint and demands strict proof thereof.

28.    The Defendant denies the allegations contained in paragraph 27 of the Complaint and demands strict proof thereof.

29.    The Defendant denies the allegations contained in paragraph 28 of the Complaint and demands strict proof thereof.

30. In responding to paragraph 29 of the Complaint, the Defendant reincorporates its responses contained in paragraphs 1 through 29 above as if fully restated herein verbatim.

31. The Defendant admits so much of the allegations of paragraph 30 of the Complaint as alleges that Terry R. Talley was acting within the course and scope of his employment at the time of the subject collision. The Defendant denies the remaining allegations contained in paragraph 30 of the Complaint and demands strict proof thereof. Terry R. Talley was employed with McCarthy Tire Service Company of GA & SC, Inc.

32. That the allegations of paragraph 31 are conclusions of law, and the Defendant is not required to answer the same. To the extent that a response is required, the Defendant denies the allegations of paragraph 31 of the Complaint and demands strict proof thereof.

33. That upon information and belief, paragraph 32 does not require a response. To the extent that a response is required, the Defendant denies the allegations contained in paragraph 32 of the Complaint and demands strict proof thereof.

34. In responding to paragraph 33 of the Complaint, the Defendant reincorporates its responses contained in paragraphs 1 through 33 above as if fully restated herein verbatim.

35. The Defendant denies the allegations contained in paragraph 34 of the Complaint and demands strict proof thereof.

36.     The Defendant denies the allegations contained in paragraph 35 of the Complaint and demands strict proof thereof.

37.     That upon information and belief, paragraph 36 does not require a response. To the extent that a response is required, the Defendant denies the allegations contained in paragraph 36 of the Complaint and demands strict proof thereof.

38.     That upon information and belief, the "Wherefore" paragraph does not require a response as it constitutes Plaintiff's Prayer for Relief, but to the extent that a response is required, the Defendant denies the "Wherefore" paragraph of the Complaint and demands strict proof thereof.

39.     That upon information and belief, the remaining "Demand for Jury Trial" paragraph does not require a response as it constitutes Plaintiff's Prayer for Relief, but to the extent that a response is required, the Defendant denies the "Demand for Jury Trial" paragraph of the Complaint and demands strict proof thereof.

## FOR A FIRST DEFENSE
### (Reservation and Non-Waiver)

40.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

41.     Defendant has not had an opportunity to conduct a thorough investigation or to engage in sufficient discovery regarding the circumstances of the Plaintiff's allegations.  Accordingly, Defendant reserves the right to amend this Answer to assert additional defenses as may arise during the discovery process.

**FOR A SECOND DEFENSE**
**(Lack of Proximate Cause)**

42.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

43.     All or a portion of Plaintiff's damages claimed in this case were not proximately caused by the subject motor vehicle collision, and this defense of lack of proximate cause is pled as a complete and total defense to all claims.

**FOR A THIRD DEFENSE**
**(Punitive Damages Unconstitutional - Procedural Due Process)**

44.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

45.     To the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the Defendant to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

**FOR A FOURTH DEFENSE**
**(Punitive Damages Unconstitutional - Substantive Due Process)**

46.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

47.     To the extent that the Complaint seeks punitive or exemplary damages, it violates the Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina, and therefore fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

8

## FOR A FIFTH DEFENSE
**(Failure to State a Claim)**

48.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

49.     The Complaint fails to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(6).

## FOR A SIXTH DEFENSE
**(Failure to Mitigate Damages)**

50.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

51.     That the Plaintiff has failed to take prompt and reasonable action under the circumstances to avoid the occurrence of additional damages and such failure to mitigate damages constitutes a complete defense as to that portion of damages which could have been otherwise avoided by reasonable and prompt action on the part of the Plaintiff.

## FOR A SEVENTH DEFENSE
**(Comparative Negligence)**

52.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

53.     That the injuries and damages sustained by the Plaintiff, if any, were due to and caused by and were the direct and proximate result of the negligence, carelessness, recklessness, willfulness and wantonness of Plaintiff, and recovery should be barred or reduced in proportion to Plaintiff's negligence as provided by law. That the Plaintiff was comparatively negligent in one or more of the following particulars:

a. In failing and omitting to use due care;

b. In failing and omitting to maintain a proper lookout;

c. In failing to properly observe the road and traffic conditions;

d. In failing to take evasive action to avoid the accident;

e. In failing to apply brakes or failing to apply them in a timely manner;

f. In traveling at an excessive rate of speed too fast for the conditions then and there prevailing;

g. In failing to keep the subject motor vehicle under proper control;

h. In failing to take any evasive action, by any means, to keep from striking the Defendants' vehicle;

i. In failing to properly equip the subject motor vehicle with adequate and safe steering mechanisms, and if so properly equipped, in failing to properly utilize them;

j. In failing and omitting to take any precaution whatsoever to avoid being struck by the subject vehicle;

k. In failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

l. Upon such additional grounds as shall become evident through discovery and further development of the facts and issues, reserving all rights to make such further objections or arguments as shall be warranted.

## **FOR AN EIGHTH DEFENSE**
**(Comparative Negligence Reduction)**

54. The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

55. In the event the alleged negligence of the Defendant operated as a fifty (50%) percent or greater proximate cause of the accident, which is expressly denied and admitted solely for the purpose of this defense, Defendant is entitled to a reduction

10

of any amount awarded to Plaintiff in an amount equal to that percentage of his negligence, recklessness and carelessness.

### FOR A NINTH DEFENSE
### (Limitation on Damages)

56.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

57.     Any award of punitive damages, if applicable, should not exceed the greater of three (3) times the amount of compensatory damages as provided in S.C. Code Ann. Section 15-32-530.

### FOR A TENTH DEFENSE
### (Bifurcated Jury Trial)

58.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

59.     To the extent punitive damages are claimed, the Defendant demands a bifurcated jury trial pursuant to S.C. Code Ann. §15-32-200 et. seq. and that said damages, if any, are limited as provided in said act.

### FOR AN ELEVENTH DEFENSE
### (Sudden Emergency)

60.     The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

61.     That even if the Defendant was negligent, reckless, willful and wanton, which the Defendant denies, such negligence, willfulness, wantonness, and recklessness was occasioned and excused by the sudden emergency which presented itself to the Defendant and, as a result, the Defendant acted as reasonable and prudent persons would have acted under the circumstances then and there prevailed.

## FOR A TWELFTH DEFENSE
### (Lack of Proper Service)

62.    The allegations contained in the preceding paragraphs are incorporated herein as if fully repeated verbatim.

63.    That the court lacks jurisdiction over the person of the Defendant because the Plaintiff has not obtained proper service in the manner required by law and, therefore, the Plaintiff's Complaint should be dismissed pursuant to the provisions of SCRCP Rule 12(b)(2).

**WHEREFORE**, having fully answered the Complaint of the Plaintiff, the Defendant prays for a trial by jury and that the Plaintiff's Complaint be dismissed, together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

CLAWSON and STAUBES, LLC

*s/ Deidre W. Smallwood*

_____
Deidre W. Smallwood
Bar No.:  12108
1612 Marion Street, Suite 200
Columbia, South Carolina  29201-2939
Phone:    (800) 774-8242
Fax:        (843) 722-2867
Email:     DSmallwood@cslaw.com
Attorney for Defendant

March 26, 2026