IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| **Adam D Whittemore**, | ) | C/A No. 7:26-cv-00175-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CONFERENCE AND** |
| v. | ) | **SCHEDULING ORDER** |
| | ) | |
| **McCarthy Tire Service Company Inc.**, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this Order.

1. A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **April 17, 2026**.[1] At conference the parties shall confer concerning all matters set forth in Fed. R. Civ. P. 26(f) and whether the schedule set forth in this Order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **May 01, 2026**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.[3]

3. No later than **May 01, 2026**, the parties shall file a Rule 26(f) Report in the form attached to this Order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

4. Motions to join other parties and amend the pleadings shall be filed no later than **May 22, 2026**. ALL motions to amend pleadings must be accompanied by a proposed amended pleading.

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. *See* attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed. R. Civ. P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. *See* Fed. R. Civ. P. 29 and Local Civil Rule 29.01.

to other parties by **June 22, 2026**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **June 22, 2026**.

6.  Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial, and certifying that a written report prepared and signed by any expert meeting the criteria under Fed. R. Civ. P. 26(a)(2)(B), including all information required by Fed. R. Civ. P. 26(a)(2)(B), has been disclosed to other parties by **July 22, 2026**. For all other expert witnesses, counsel should make the disclosures required by Fed. R. Civ. P. 26(a)(2)(C) by **July 22, 2026**.

7.  Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **July 22, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. *See* Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3).

8.  Discovery shall be completed no later than **September 21, 2026**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

    **(The parties may, with the consent of all counsel, conduct discovery up to the time of trial, provided the deadlines in this Order are not affected.)**

9.  A Rule 56 Conference shall be held no later than **October 30, 2026**.[4]

10. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed. R. Civ. P. 12, and those relating to the admissibility of evidence at trial, shall be filed no later than **November 20, 2026**.[5]

11. Mediation, pursuant to Local Civil Rules 16.04–16.12, shall be completed in this case no later than **October 21, 2026**.[6] See attached form setting forth Mediation Requirements. **At**

---

[4] Counsel for the moving party shall initiate the scheduling of the Rule 56 Conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference as outlined in the attached form setting forth Summary Judgment Motion Procedures.

[5] Motions for summary judgment shall comply with the attached form setting forth Summary Judgment Motion Procedures.

[6] Attorneys primarily responsible for handling the trial, parties, and/or insurer representatives with full settlement authority are ordered to be present in person, and will only be excused for good cause shown. "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to negotiate on this case in a mutual, good faith effort to reach a fair and reasonable settlement.

**least thirty (30) days prior to this mediation deadline**, counsel for each party shall file and serve a statement certifying that counsel has: (1) provided the party with a copy of the mediation requirements; (2) discussed the availability of mediation with the party; and (3) discussed the timing of mediation with opposing counsel. The parties are directed to complete the attached Mediation Initiation Form and return it to the Court no later than thirty (30) days prior to the mediation deadline.

12. This case is subject to being called for jury selection and/or trial the later of 60 days after dispositive motions have been resolved or on or after **January 19, 2027**. Once a specific jury selection and trial date are scheduled, a NOTICE will be issued at that time. The Notice will set forth deadlines for the Fed. R. Civ. P. 26(a)(3) pretrial disclosures and objections, motions in limine, pretrial briefs, and marking of exhibits.

**IT IS SO ORDERED.**

s/Jacquelyn D. Austin
UNITED STATES DISTRICT JUDGE

March 27, 2026
Spartanburg, South Carolina

Pursuant to Local Civil Rule 83.I.06, this Order is being sent to local counsel only.

Attachments:

    1) Rule 26(f) Report Form
    2) Notice of Availability of United States Magistrate Judge
    3) Mediation Form
    4) Mediation Requirement Form
    5) Summary Judgment Motion Procedures Form

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

|  |  |  |
|---|---|---|
| **Adam D Whittemore**, | ) | C/A No.: 7:26-cv-00175-JDA |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | **RULE 26(f) REPORT** |
| v. | ) |  |
|  | ) |  |
| **McCarthy Tire Service Company Inc.**, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____    We agree that the schedule set forth in the Conference and Scheduling Order filed _____ is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____    We agree that the schedule set forth in the Conference and Scheduling Order filed _____ requires modification as set forth in the proposed Consent Amended Scheduling Order which will be e-mailed to chambers as required (use format of the Court's standard scheduling order). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____    We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by Fed. R. Civ. P. 26(f), with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

PLAINTIFF(S)                 DEFENDANT(S)

_____  
*Signature of Plaintiff's Counsel*

*Signature of Defendant's Counsel*

_____  
*Printed Name of Plaintiff's Counsel and Party Represented*

*Printed Name of Defendant's Counsel and Party Represented*

_____  
*Signature of Plaintiff's Counsel*

*Signature of Defendant's Counsel*

_____  
*Printed Name of Plaintiff's Counsel and Party Represented*

*Printed Name of Defendant's Counsel and Party Represented*

_____  
*Signature of Plaintiff's Counsel*

*Signature of Defendant's Counsel*

_____  
*Printed Name of Plaintiff's Counsel and Party Represented*

*Printed Name of Defendant's Counsel and Party Represented*

_____  
*Signature of Plaintiff's Counsel*

*Signature of Defendant's Counsel*

_____  
*Printed Name of Plaintiff's Counsel and Party Represented*

*Printed Name of Defendant's Counsel and Party Represented*

*Dated:*_____

*Dated:*_____

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| **Adam D Whittemore**, | ) |
| | ) |
| Plaintiff, | )    Civil Action No. 7:26-cv-00175-JDA |
| | ) |
| v. | ) |
| | ) |
| **McCarthy Tire Service Company Inc.**, | ) |
| Defendant. | |

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Reference Order

**IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

 

_____
District Judge's signature

_____
Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

# MEDIATION INITIATION FORM

Case:_____,

C/A No. _____

Please check the applicable box to indicate the status of the above referenced case:

☐     case settled prior to or without mediation
☐     case dismissed by court or pending ruling on summary judgment motion
☐     case to proceed to trial
☐     case continued to next term

  *OR*

☐     case will be or has been mediated *(complete the following information):*

Mediator Name: _____
Mediator Phone No._____

Date Mediation Scheduled to Occur *or* Date Mediation
Completed:_____

Submitted by:_____
Signature:_____
*(Printed name of counsel)*

For which party?:_____
Date:_____
*(Name of party counsel represents)*

Please fax completed form to Billie Goodman, ADR Program Coordinator @ 803-253-3591
or mail to 901 Richland Street, Columbia, SC 29201.

IN THE UNITED STATES DISTRICT COURT )     MEDIATION REQUIREMENTS
FOR THE DISTRICT OF SOUTH CAROLINA )

Mediation is to be scheduled and completed in all cases, including those cases involving unrepresented parties. Mediation shall be completed by the date indicated in the scheduling order. A Mediation Initiation Form is attached for your use. Upon completion of the mediation, counsel shall advise the Court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is required.

The parties should select a mediator consistent with Local Rule 16.06 D.S.C. A roster of certified mediators is available from the Clerk of Court or may be accessed under the Mediation heading at http://www.scd.uscourts.gov/cases.htm.

All parties and their lead trial counsel, having authority to settle and to adjust pre-existing settlement authority if necessary, are required to attend the mediation in person unless excused by the Court for good cause shown. Insurer representatives with decision-making authority also are required to attend in person, unless excused by the Court, if their agreement would be necessary to achieve a settlement. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, parties, their insurer representatives and their primary trial counsel should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery should be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 D.S.C.

This form has been provided to all counsel of record and to all pro se parties. Counsel are responsible for notifying and ensuring the presence of parties and insurer representatives as described above. If a case has been mediated previously, counsel shall notify the Court immediately in writing.

Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408 and Federal Rule of Civil Procedure 68. If a settlement is not reached at mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge. See Local Rule 16.08(C) D.S.C.

If any reason exists why any party or counsel should not participate in this mediation, the Court is to be advised of these reasons in writing immediately.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

Jacquelyn D. Austin
UNITED STATES DISTRICT JUDGE

**Summary Judgment Motion Procedures for District Judge Jacquelyn D. Austin**

In accordance with and in addition to Local Civil Rules 7.04 through 7.07, D.S.C., the following procedures shall govern motions for summary judgment in civil actions in which all parties are represented by counsel.

1.    **Rule 56 Conference Requirement**

At least 21 days before filing a motion for summary judgment, the parties shall meet, in person or by telephone, to confer about the issues to be raised in the motion.  The purposes of the Rule 56 Conference are to:

a.    avoid unnecessary time and expenses related to filing motions for summary judgment where a question of material fact exists;

b.    determine whether the non-moving party agrees that the motion has merit in whole or in part;

c.    discuss whether issues can be resolved without the necessity of briefing;

d.    narrow the issues for review by the Court; and

e.    work toward a Joint Statement of Stipulated Material Facts for purposes of the motion for summary judgment.

The moving party shall initiate the scheduling of the conference and shall provide a complete, proposed statement of undisputed material facts to the non-moving party at least 5 days before the conference.

2.    **Statements of Material Facts**

a.    **Movant's Statement(s)**

The memorandum in support of a motion for summary judgment shall be accompanied by *separately and contemporaneously filed document(s)* entitled "Joint Statement of Stipulated Material Facts" and/or "Movant's Statement of Material Facts," which shall set forth the facts essential for the Court to decide the motion for summary judgment and shall not exceed 10 pages combined.

1)    **Joint Statement of Stipulated Material Facts**

The Joint Statement of Stipulated Material Facts shall include the stipulated facts that all parties agree upon and shall be signed by counsel for all parties.  The parties may state that their stipulations are entered into only for the purpose of the motion for summary judgment and are not intended to otherwise be binding.

2)    **Movant's Statement of Material Facts**

If the moving party contends there are undisputed material facts that the parties could not agree to include in the Joint Statement of Stipulated Material Facts, the moving party shall also file the Movant's Statement of Material Facts, which shall include all additional facts that the moving party contends are undisputed and material.

### b.    Opponent's Statement

The memorandum in opposition to a motion for summary judgment shall be accompanied by a *separately filed document* entitled "Opponent's Statement of Material Facts," which shall clearly challenge any fact asserted by the moving party that the non-moving party contends is genuinely in dispute. The Opponent's Statement of Material Facts may also assert additional material facts that the opponent contends serve to defeat the motion for summary judgment so long as the additional facts do not exceed 5 pages (beyond the pages required to specifically respond to the Movant's Statement of Material Facts).

### c.    Reply Statement

The moving party shall respond to any additional facts asserted in the Opponent's Statement of Material Facts in a *separately filed document* entitled "Reply Statement of Material Facts" even if the moving party does not file a reply memorandum.

### 3.    Form Requirements for Statements of Material Facts

### a.    All Statements of Material Facts

All Statements of Material Facts shall be filed and served as separate documents and not as exhibits or attachments to memoranda. Additionally, all Statements of Material Facts shall consist of separately numbered paragraphs that are each limited as far as practicable to a single material fact, with each fact supported by specific, pinpoint references to evidence, including but not limited to pleadings, depositions, interrogatory answers, admissions, affidavits, or other parts of the record (e.g., Smith Affidavit ¶ 2, Plaintiff's Deposition p. 7 lines 12–14).

### b.    Opponent's Statement of Material Facts

In addition to complying with the requirements of subsection 3.a., an Opponent's Statement of Material Facts shall:

i.    Consist of separately numbered paragraphs that correspond with the numbered paragraphs in the Movant's Statement of Material Facts, but should not repeat the text of those paragraphs;

ii.    Use, as the first word in each paragraph-by-paragraph response, the word "Disputed" or "Undisputed" (the party may state that the fact is undisputed only for the purpose of the motion for summary judgment and is not intended to otherwise be binding);

iii.    Include a concise counter-statement to each disputed fact supported by specific, pinpoint references to evidence as described in subsection 3.a.; and

iv.    Assert any additional material facts that the opponent contends serve to defeat the motion for summary judgment, set forth in separately numbered paragraphs beginning with the next number following the moving party's last numbered paragraph, in a separate section entitled "Additional Facts."

### c.    Reply Statement of Material Facts

In addition to complying with the requirements of subsection 3.a., a Reply Statement of Material Facts shall:

      i.      Consist of separately numbered paragraphs that correspond with the numbered paragraphs set forth in the Additional Facts section of the Opponent's Statement of Material Facts, but should not repeat the text of those paragraphs;

      ii.     Use, as the first word in each paragraph-by-paragraph response, the word "Disputed" or "Undisputed" (the party may state that the fact is undisputed only for the purpose of the motion for summary judgment and is not intended to otherwise be binding); and

     iii.    Include a concise counter-statement to each disputed fact supported by specific, pinpoint references to evidence as described in subsection 3.a.

**4.     Appendix**

All evidence cited in any Statement of Material Facts shall be filed as an Appendix to the Statement of Material Facts.  In compliance with Local Civil Rule 5.01, D.S.C., only the relevant portions of the cited evidence need to be included.

**5.     Admission of Material Facts**

All facts asserted in the Movant's Statement of Material Facts or in the Opponent's Statement of Material Facts shall be deemed admitted for the purpose of deciding the summary judgment motion unless specifically disputed or controverted as set forth herein, including specific, pinpoint references to evidence in the record.

**6.     Cross-referencing**

Memoranda in support of, in response to, or in reply to a motion for summary judgment need not include a separate statement of facts and instead may cross-reference or cite to the Statements of Material Facts and their Appendices.