IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Adam D. Whittemore,<br><br>    Plaintiff,<br><br>vs.<br><br>McCarthy Tire Service Company, Inc.,<br><br>    Defendant. | CIVIL ACTION NO. 7:26-CV-00175-JDA<br><br>**JOINT ANSWERS TO LOCAL CIVIL RULE 26.03 INTERROGATORIES** |

NOW COME the undersigned parties to the above captioned action and, pursuant to Local Civil Rule 26.03 offer the following information in addition to the requirements set forth in Fed. R. Civ. P. 26(f):

1. A short statement of facts of case.

**ANSWER: The Plaintiff alleges that on September 23, 2023, that Terry R. Talley was acting as an agent on behalf of the Defendant, McCarthy Tire Service Company, Inc., when the parties were involved in a motor vehicle accident. It is undisputed that the Plaintiff was traveling straight and the Terry R. Talley was turning left when the subject accident occurred. Liability is disputed as both parties allege the other disregarded the traffic control device. The Plaintiff is claiming bodily injury and property damage as a result of the subject motor vehicle accident.**

2. The names of fact witnesses to be called by the party and a brief summary of their expected testimony.

**DEFENDANT'S ANSWER: These are the potential fact witnesses known to Defendant at this time. Defendant reserves the right to supplement this response as discovery progresses.**

 a. **Terry R. Talley – Mr. Talley was the driver of the Defendant's vehicle when the accident occurred. He would be expected to testify as to the facts and circumstances surrounding the subject collision, as well as his observations of and his conversations with the Plaintiff following the subject accident and**

any knowledge he may have regarding the Plaintiff's alleged injuries and damages;

b. **Russell Devens. Director- Safety & Risk Management – Mr. Devens would be expected to testify as to the Defendant's investigation of the subject accident.**

**PLAINTIFF'S ANSWER:**

**<u>In addition to the witnesses above, Plaintiff knows of the following witnesses:</u>**

**<u>Adam D. Whittemore</u>**

**Plaintiff expects to testify regarding his recollection of the incident, his subsequent medical treatment, his background, his medical condition before the incident, and the impact of this collision on his life.**

3.      The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**<u>DEFENDANT'S ANSWER</u>: This is unknown at this time as Defendant has not retained any expert witnesses to date, and Defendant reserves the right to supplement this response by appropriately naming an expert at a later date within the time set by the Scheduling Order.**

4.      A summary of the claims or defenses with statutory and/or case citations supporting the same.

**<u>DEFENDANT'S ANSWER</u>: Defendant has asserted the following defenses:**

- **Comparative negligence of the Plaintiff.**
- **Comparative negligence reduction of any amount awarded to Plaintiff in an amount equal to that percentage of Plaintiff's negligence in the event Defendant's alleged negligence operated as a fifty (50%) percent or greater proximate cause of the accident.**
- **Sudden emergency in which Defendant acted as a reasonable and prudent person would have under the same circumstances.**

- **Plaintiff has the burden of proving liability, damages, and proximate cause in order to recover.**

With regard to liability, in addition to the dispute regarding the traffic control device, McCarthy Tire Service Company, Inc. does not technically employ Terry R. Talley. Terry R. Talley's employer is McCarthy Tire Service Company of GA & SC, Inc. The named Defendant acts as a management company for its brother and sister companies, including McCarthy Tire Service Company of GA & SC. Terry R. Talley was acting as an agent of McCarthy Tire Service Company of GA & SC, Inc. The motor vehicle and VIN listed on the accident report is for the wrong vehicle. That upon information and belief, the trooper who prepared the accident report had the wrong registration and put incorrect information on the accident report. The actual vehicle Terry R. Talley was operating was a 2019 Ford F-450/F-550 (VIN 1FDUF4GY1KEC17836) leased by McCarthy Tire Service Company of GA & SC, Inc. and registered to ARI.

As discovery is ongoing, Defendant reserves the right to supplement for any additional defenses which may result.

**PLAINTIFF'S ANSWER:**

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondent Superior: "The doctrine of respondent superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v.*

*Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

**Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public."** *James v. Kelly Trucking Co.*, **377 S.C. 628, 661 S.E.2d 329 (2008) (citing** *Degenhart v. Knights of Columbus*, **309 S.C. 114, 420 S.E.2d 495 (1992)).**

**As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.**

5.     Absent special instructions from the assigned judge, the parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:

   a.     Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and

   b.     Completion of discovery.

   **ANSWER: Not applicable.  A Scheduling Order has been established to set these deadlines and counsel have consented to and submitted with their Rule 26(f) Report a proposed Amended Consent Scheduling Order for the Court's consideration.**

6.     The parties shall inform the Court of whether there are any special circumstances which would affect time frames applied in preparing the scheduling order.

   **ANSWER: There are no special circumstances on the part of the Defendants.**

7.     The parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.

   **ANSWER: Not applicable.**

**[Signatures on Following Page]**

**CLAWSON and STAUBES, LLC**

*s/ Deidre W. Smallwood*

_____

Deidre W. Smallwood
Fed. ID No.: 12108
1612 Marion Street, Suite 200
Columbia, South Carolina  29201-2939
Phone:    (800) 774-8242
Fax:        (843) 722-2867
Email:      DSmallwood@cslaw.com
Attorneys for Defendant

**MORGAN & MORGAN, PA**

/s/ Cooper Klaasmeyer
JAMES G. BIGGART II, ESQ.
Fed ID No. 14195
Jbiggart@forthepeople.com
T:       843-973-5186
COOPER KLAASMEYER , ESQ.
Fed ID No. 14272
Cooper.klaasmeyer@forthepeople.com
T:       843-973-5438
4401 Belle Oaks Drive, 3rd Floor
North Charleston, South Carolina 29405
ATTORNEYS FOR PLAINTIFF